William Minor **PATRUM, Jr.,** Appellant,

v.

**CITY OF GREENSBURG, KENTUCKY,** Appellee.

No. 19287.

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1969.

Certiorari Denied March 23, 1970.
See 90 S.Ct. 1125.

Gary L. Gardner, Louisville, Ky., Eubanks & Gardner, Louisville, Ky., on brief, for appellant.

Reginald L. Ayers, Bowling Green, Ky., Bell, Orr & Reynolds, Bowling Green, Ky., on brief, for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Appellant Patrum, Jr., claims that he was arrested and beaten by William Martin, a policeman of the City of Greensburg, Kentucky, in violation of Patrum's civil rights secured to him by the First and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C.A. § 1983. He filed a complaint in the United States District Court for the Western District of Kentucky seeking damages from the policeman, William Martin, the Mayor of the City of Greensburg, and the City of Greensburg, Kentucky. The Mayor and the City of Greensburg were joined in the complaint under the theory of *respondeat superior.* Upon motion by the defendants, the Mayor and the City of Greensburg were dismissed from suit. This is an appeal from that portion of the order of the District Court dismissing the City of Greensburg.

Appellant argues that the District Court had "pendent jurisdiction" over the cause of action against the city by reason of 28 U.S.C.A. § 1343, which expressly grants jurisdiction to the District Courts in civil actions for violations of civil rights, and because under Kentucky law a city may be made liable for the tort of one of its policemen. The District Court, feeling that there was no justification for the exercise of "pendent jurisdiction," dismissed the claim against the city.

We affirm.

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a labor case in which the plaintiff was seeking to recover damages from the U.M.W. under § 303 of the Labor Management Relations Act and the common law of Tennessee for an alleged unlawful conspiracy and boycott which interfered with his trucking contract with a coal operator, the Court held that a District Court did properly exercise "pendent jurisdiction" when "the state and federal claims arose from the same nucleus of operative fact and reflected alternative remedies" against the defendant. In discussing "pendent jurisdiction" the Court indicated:

> "Pendent jurisdiction in the sense of judicial *power*, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made under their Authority—'U.S. Const. Art. III, Sec. 2, *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.* Levering & Garrigues v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. (Emphasis supplied) 383 U.S. at 725, 86 S.Ct. at 1138.

and continued at page 726, 86 S.Ct. at 1139:

> "That power need not be exercised in every case in which it is found to exist. *It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its*

*justification lies in considerations of judicial economy, convenience and fairness to litigants;* if these are not present a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188." (Emphasis supplied.)

We read the decision of the Supreme Court in *Gibbs* as indicating: (1) The decision to exercise the power of the doctrine of "pendent jurisdiction" lies within the discretion of the trial court; (2) in determining whether to invoke the doctrine of pendent jurisdiction, the trial court should look to the relationship between the federal and state claims against the defendant, here the City of Greensburg, to determine if one constitutional case exists; and (3) the federal claim must have sufficient substance to confer subject matter jurisdiction on the court.

■ The Supreme Court of the United States has held that a municipality is not a person within the meaning of 42 U.S.C.A. § 1983 [1] and that federal jurisdiction of a municipality is not obtained thereunder or under 28 U.S.C.A. § 1343. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961), and see our decisions in Puett v. City of Detroit, 323 F.2d 591, 593 (6th Cir. 1963) and Khan v. Garanzini, 411 F.2d 210 (6th Cir. 1969). Under Kentucky law, however, a city may be held liable for the damage caused to an individual by a police officer. City of Lexington v. Yank, Ky., 431 S.W.2d 892 (1968). Consequently, the cause of action against the separate defendant, City of Greensburg, is wholly within the law of the State of Kentucky [2]. Appellant argues that a municipal corporation—here the City of Greensburg—acts only through its agents and servants and that, therefore, the act of its police officer is, in fact, its own act. We are not persuaded that the city becomes a "person" within the meaning of 42 U.S.C. § 1983 and can thus be held an offender under the Civil Rights Act.

■ We hold, also, that the resolution of whether to retain the City of Greensburg in this litigation was a matter within the discretion of the District Court, and that the District Court properly exercised its discretion in refusing to invoke the doctrine of pendent jurisdiction. Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965); Rosenthal & Rosenthal, Inc. v. Aetna Casualty & Surety Co., 259 F.Supp. 624, 630 (S.D.N.Y.1966); Gautreau v. Central Gulf S.S. Corp., 255 F.Supp. 615 (E.D. La., 1966) and Hall v. Pacific Maritime Association, 281 F.Supp. 54, 61 (N.D. Calif., 1968).

The judgment of the District Court is affirmed.

1. Section 1983 reads:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Appellant urges that he does not have a complete remedy in the state courts because trial would not be held in a neutral forum—he would be forced to bring suit in Greensburg against the city and its police officer. We consider, however, that appellant may properly seek a remedy for this problem by petitioning for a change of venue on the basis of KRS § 452.010(2) as follows:
   "A party to any civil action triable by a jury in a circuit court may have a change of venue when it appears that, because of the undue influence of his adversary or the odium that attends the party applying or his cause of action or defense, or because of the circumstances or nature of the case he cannot have a fair and impartial trial in the county."