In re SONNYCO COAL, INC. dba Meredith Enterprises, Debtor.

SONNYCO COAL, INC. dba Meredith Enterprises, Plaintiff,

v.

Emma Collins BARTLEY, et al., Defendants.

Bankruptcy No. 2–85–02570.
Adv. No. 2–85–0277.

United States Bankruptcy Court, S.D. Ohio, E.D.

March 31, 1988.

As Amended April 6, 1988.

Daniel F. Carmack, Columbus, Ohio, Trustee.

James C. Carpenter, Carlile Patchen Murphy & Allison, Columbus, Ohio, for trustee.

Terri G. Rasmussen, Columbus, Ohio, for defendants.

STATEMENT OF UNCONTESTED FACTS AND ISSUES; CONCLUSIONS OF LAW ON REQUEST TO DETERMINE CORE/NON–CORE STATUS AND REQUEST TO DISMISS CASE; TRANSFER TO DISTRICT JUDGE OF REQUEST FOR WITHDRAWAL OF THE REFERENCE; REPORT AND RECOMMENDATION ON REQUEST FOR ABSTENTION ■

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon two pre-answer motions filed by defendants Emma Bartley, Ray Goff, and Clay Hall (collectively "Defendants"). One motion seeks either to have the reference of this

adversary proceeding withdrawn so that it may be heard by a district judge, or to have the Court abstain from taking any action in this proceeding pursuant to 28 U.S.C. § 1334(c). The second motion seeks dismissal of the action or abstention by the bankruptcy court, or in the alternative, a determination whether this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Both motions are opposed by plaintiff Sonnyco Coal, Inc. Rulings on the issues raised by both motions are combined in this order because of their substantial overlap and interdependence.

The Court has jurisdiction in this proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district on July 30, 1984. For reasons stated below, the Court will set forth a statement of uncontested facts and an enumeration of the issues raised by the motions. The Court then will determine the core/non-core and dismissal issues. Finally, the Court will transfer the request for withdrawal of the reference to a district judge and will issue proposed conclusions of law relating to the abstention request.

## I. STATEMENT OF UNCONTESTED FACTS

The facts necessary for determining these pre-answer requests unrelated to the merits of the action, are essentially uncontested.

This adversary proceeding originally was filed by Sonnyco Coal, Inc., dba Meredith Enterprises ("Sonnyco"), as the debtor-in-possession in a Chapter 11 case pending before this Court. During the pendency of the adversary the underlying bankruptcy case was converted to a liquidation proceeding under Chapter 7 of the Bankruptcy Code. Upon that conversion, by operation of law, Daniel F. Carmack, the duly-appointed Trustee of the bankruptcy estate ("Trustee"), effectively became substituted as plaintiff in interest in this adversary.

In its complaint Sonnyco alleges that Bartley breached an oral agreement between Bartley as lessor and lessee Meredith Enterprises ("Meredith"), a name under which Sonnyco also did business. The agreement alleged to have been breached permitted Meredith to assign its rights in a written coal lease between the parties. Sonnyco accuses Bartley of malicious action and bad faith by her attempted cancellation of the lease and refusal to consent to the previously agreed-upon assignment to a third party. Those actions are blamed for Sonnyco's financial demise.

Count II of the complaint, directed against Goff and Hall, sets forth their alleged participation in Bartley's breach and attributes to their actions a conspiracy which forced Sonnyco into a Chapter 11 bankruptcy filing. The prayer of the complaint seeks $400,000 in compensatory damages, $500,000 in punitive damages and various costs.

## II. ISSUES RAISED BY THE MOTIONS

The Defendants seek to have the reference of this matter withdrawn from the bankruptcy judge so that the dispute may be heard by a district judge. The bases asserted for that relief are that the bankruptcy court either lacks subject matter jurisdiction in this matter, or if vested with such jurisdiction, cannot constitutionally exercise it. The Defendants also contend that the bankruptcy court cannot exercise personal jurisdiction over these Defendants consistent with "minimum contacts" principles established by case law.

For those same jurisdictional concerns and because the complaint allegedly fails to state a cause of action, the Defendants have moved for dismissal of the action.

The Defendants also seek abstention by the bankruptcy court, either on a discretionary basis pursuant to 28 U.S.C. § 1334(c)(1) or on a mandatory basis pursuant to 28 U.S.C. § 1334(c)(2). The reasons stated for such relief are considerations of comity, interests of justice, involvement of state law issues and the inability of the plaintiff to have brought this action initially in a federal court in Ohio.

Finally, and perhaps most importantly for disposition of the other issues raised, the Defendants alternatively seek a deter-

mination from the Court whether this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which a bankruptcy judge may enter a final order or whether this is a non-core proceeding pursuant to 28 U.S.C. § 157(c), otherwise related to a case under title 11, in which final orders must be entered by a district judge.

## III.  CONCLUSIONS OF LAW

### A.  CORE/NON–CORE DETERMINATION

Procedures pursuant to which a bankruptcy judge must decide matters filed with the bankruptcy court are provided in 28 U.S.C. § 151–158 as part of the statutory response to constitutional concerns expressed by the Supreme Court of the United States in *Northern Pipeline Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Those concerns emanated from the expanded jurisdiction granted by statute to bankruptcy courts in the Bankruptcy Reform Act of 1978. That Act empowered bankruptcy judges, appointed only for 14–year terms of office to a court established as an adjunct to the district court, to exercise all bankruptcy jurisdiction granted to the district courts without oversight by judges appointed under Article III of the Constitution except through appeal. 28 U.S.C. § 1471 (now repealed). *Northern Pipeline* determined that such expanded jurisdiction was unconstitutional in certain circumstances.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 restructured the grant of bankruptcy jurisdiction and made the bankruptcy court a unit of the district court. 28 U.S.C. § 151. Under the current statute, absent consent of the parties, only district judges, after review of proposed findings of fact and conclusions of law recommended by bankruptcy judges, may enter final orders in proceedings merely related to cases under Title 11 ("non-core proceedings"). 28 U.S.C. § 157(c). Bankruptcy judges, however, retain power to hear and determine all cases under Title 11 and to enter final orders in proceedings arising in a case under Title 11 or arising under Title 11 ("core proceedings"). Those procedures are codified at 28 U.S.C. §§ 151–158.

◼ The initial determination whether a proceeding is core or non-core clearly by statute is the responsibility of the bankruptcy judge. 28 U.S.C. § 157(b)(3). Because a finding that a proceeding is non-core is not appealable immediately as a final order, this Court finds that the resolution of that issue is constitutionally within its power as a judicial officer of a unit of the district court.

◼ The determination whether a proceeding is core or non-core, however, involves more than a choice between two options. If a proceeding is determined to be core, that conclusion ends the analysis and the bankruptcy judge not only may hear the matter, but also may enter whatever final orders are required. If it is determined that a proceeding is not a core proceeding, however, further determination must be made as to whether the proceeding is sufficiently related to the bankruptcy case to come within the bankruptcy subject matter jurisdiction of the district court. If the proceeding is not so related, although the district court might have an independent basis for jurisdiction, the bankruptcy court would have no subject matter jurisdiction over the proceeding as its jurisdiction by reference extends at its most remote nexus only to proceedings which are related to a bankruptcy case. 28 U.S.C. § 157(a). If the proceeding is not core, but is related to a bankruptcy case and, therefore is properly a non-core proceeding, the bankruptcy court has subject matter jurisdiction by reference and may hear the action, but absent consent of the parties, must submit proposed findings of fact and conclusions of law to a district judge for entry after *de novo* review of those matters objected to by the parties. 28 U.S.C. § 157(c)(1).

◼ The substantive law governing the rights and responsibilities between and among the parties to this action is that of the state of Kentucky. The property to which the coal lease relates is in the state of Kentucky and the Defendants reside in

**664**

Kentucky. Not only the formal requirements for the assignment of a lease, but also any contractual rights and remedies arising from a breach of such lease are determined under that state's applicable law. That finding alone, however, is not determinative as to whether this proceeding is core or non-core. 28 U.S.C. § 157(b)(3).

Argument can be advanced for application of core status to this proceeding by virtue of subsection O of 28 U.S.C. § 157(b)(2) which includes "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." Although the results of this proceeding clearly affect the liquidation of the estate's assets, it is not clear that the proceeding is intrinsic to the bankruptcy process itself, as characterizes a core proceeding. Because the cause of action arose prior to the bankruptcy filing, is based upon private rights and is not dependent upon the existence of the bankruptcy remedy or provisions of the Bankruptcy Code for its viability, it is similar to the factual circumstances in *Northern Pipeline* in which the Supreme Court held that the Constitution mandates certain safeguards before persons exercising the judicial power of the United States may issue final dispositive orders, absent consent of the litigants. 28 U.S.C. § 157(c); *Northern Pipeline*, 458 U.S. at 84, 102 S.Ct. at 2878.

■ This Court finds that subsection O of § 157(b)(2) conveys core status only upon matters for which such inclusion would be consistent with the requirements of the Constitution and *Northern Pipeline*. *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159 (9th Cir.1986). This complaint, by which the estate seeks affirmative relief, is grounded solely upon a pre-petition state law cause of action, not arising under Title 11, United States Code or arising in the bankruptcy case. Therefore, without other justification such as impact upon a court-supervised reorganization, this complaint in a Chaper 7 case cannot be elevated to a core matter which a bankruptcy judge can

determine finally, consistent with the requirements of the Constitution and the decision in *Northern Pipeline*. Although the count asserted against Bartley could be considered in the nature of a compulsory counterclaim to any claim of Bartley against the estate, the causes of action against Goff and Hall are not so related. Since the counts are such that they comprise one action, it is the entire complaint which must be characterized.

■ On the other hand, if the Trustee prevails on the merits of this action. It is unquestioned that the Chapter 7 bankruptcy estate and Sonnyco's creditors will be benefited. Therefore, even though the substantive law governing this action is based upon state law, the claim asserted is property of the bankruptcy estate, the outcome of which affects the bankruptcy estate. See 11 U.S.C. § 541(a).

The relationship of this action to the bankruptcy estate far exceeds the minimum standard set forth by the Court of Appeals for the Third Circuit, stated as: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 at 994 (3rd Cir.1984), *construing* 28 U.S.C. § 1471(b) (repealed). That standard has also been adopted by the Fifth Circuit in *Wood v. Wood (In the Matter of Wood)*, 825 F.2d 90 (5th Cir.1987). Except where the connection with the bankruptcy estate is "extremely tenuous", this circuit has also adopted a broad definition of relationship to a bankruptcy case for conferring subject matter jurisdiction upon the district court. *Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626 (6th Cir.1986). Accordingly, the Court finds that this proceeding is related to the bankruptcy case as a non-core proceeding in which this Court may exercise by reference the subject matter jurisdiction granted to the district court.

Because this adversary is a non-core proceeding related to Sonnyco's bankruptcy case, this bankruptcy judge may hear the action and may issue interlocutory orders. Prior to the entry of any order which may

be a final disposition of the action, however, proposed findings of fact and conclusions of law will be transmitted to a district judge for review and entry. That procedure is not required for this determination of non-core status which is not a final order.

### B. *DISMISSAL OF THE ADVERSARY PROCEEDING*

#### 1. Failure to State a Cause of Action

■ The Defendants assert that this action should be dismissed with prejudice for Sonnyco's failure to state an actionable cause. In support of that motion the Defendants raise certain factual issues relating to the state of mind of the purported assignee of the lease between Bartley and Sonnyco, operating through the ficticious name of Meredith. The Defendants further set forth various legal theories, including the statute of frauds and the alleged *de facto* status of the lessee, as a bar to enforcement of any oral assignment.

When a dismissal is requested at the pre-answer stage, the Court is required to view the facts in a light most favorable to the plaintiff. *WestLake v. Lucas*, 537 F.2d 857 (6th Cir.1976). In so doing, the Court finds in Sonnyco's favor and denies the Defendants' motion to dismiss this action for failure to state a claim. Clearly, facts have been stated which, if proven, may substantiate the tort claims. Since the issue is not whether the acts pled against Bartley on the breach of contract action are capable of being established legally, but whether, if capable of proof, those facts state a cause of action, the Court finds that a cause of action has been stated on the contract claim also. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed. 2d 80 (1957). Therefore, the complaint will not be dismissed at this time for failure to state a cause of action.

#### 2. Lack of Subject Matter Jurisdiction or of Constitutional Power to Exercise Such Jurisdiction

The Defendants also seek dismissal of this adversary proceeding on the basis that the Court lacks subject matter jurisdiction or is unable, consistent with the requirements of the Constitution, to exercise such jurisdiction. For reasons set forth below, the Court denies that relief.

The subject matter jurisdiction of the bankruptcy courts is derived from that granted to the district courts. Within the limitations set forth in 28 U.S.C. § 157, the bankruptcy court may exercise by reference whatever jurisdiction the district courts have in cases filed under Title 11 of the United States Code, in proceedings arising under Title 11 or proceedings arising in or related to a case under Title 11. 28 U.S.C. § 157(a). An order referring such matters to bankruptcy judges in this district was entered on July 30, 1984.

■ This Court has earlier determined that this is a non-core proceeding, "related to" a case filed under Title 11. That relationship means that subject matter jurisdiction exists under the statute. The only inquiry then is whether the subject matter jurisdiction vested in the district court by statute and referred to a bankruptcy judge for its exercise pursuant to the procedures set forth in 28 U.S.C. § 157(c) is consistent with the requirements of the Constitution. That analysis depends first upon an examination of whether the district court is constitutionally empowered to examine the issues raised by the proceeding and second, whether delegation of such power to a bankruptcy judge is appropriate.

■ The district court's power to hear a bankruptcy case is unquestioned, as such power is but one type of federal question jurisdiction emanating from the Constitution of the United States. The power to create uniform bankruptcy laws is derived from Art. I § 8 of the Constitution. Article III § 2 of that same document extends the judicial power of the United States to all cases arising under its laws. Thus, there can be no question of the appropriateness of the vesting of power to hear bankruptcy cases in the district courts.

■ Whether a non-core adversary proceeding may also be heard and decided by a district judge is determined by principles of

ancillary and/or pendent jurisdiction.[1] In this particular action, where the adversary initially was brought by the debtor on behalf of the estate, the issues are more appropriately characterized as issues of pendent jurisdiction.

The doctrine of ancillary and pendent jurisdiction is not a new theory. It is based upon the mandate in Art. III § 2 of the Constitution that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made ... to all Cases ... to Controversies ... between Citizens of different States."

In order to invoke the ancillary jurisdiction of a federal court, the plaintiff must first assert a claim that is substantial enough to confer initial jurisdiction over the action. Once jurisdiction is conferred, ancillary jurisdiction enables the court to hear other claims which are so related to the jurisdiction-conferring claim that their determination is necessary to enable the court to properly adjudicate the entire case and avoid piecemeal litigation. *Freeman v. Howe*, 65 U.S. (24 How.) 450, 16 L.Ed. 749 (1860); *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). Where the original jurisdiction-conferring claim is a federal question claim and the plaintiff has other claims against the defendants which are not based upon federal questions, the power to hear all of the plaintiff's claims is known as pendent jurisdiction. This type of ancillary jurisdiction extends the jurisdiction from the plaintiff's point of view. 32A *Am.Jur.2d*, Fed. Pract. & Proc. § 1247 (1987).

The scope of pendent jurisdiction has been the subject of much litigation. To determine whether it exists, an analysis must be made of the relationship between the principal claim and the pendent claim. The relationship which federal courts have required between the principal jurisdiction-conferring claim and the pendent claim has not remained constant, however. Originally, the requirement was that the failure of the principal claim had to establish the foundation for the pendent claim. *Moore v. New York Cotton Exch.*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). The Supreme Court later modified that requirement so that the principal and the ancillary or pendent claim had to be two distinct grounds in support of a single cause of action. *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

The relationship test employed in *Hurn* proved to be difficult to apply; much litigation revolved around whether the pleadings supported a single cause of action or whether two separate and distinct causes of action had been alleged. *See American Fidelity & Casualty Co. v. Owensboro Milling Co.*, 222 F.2d 109 (6th Cir.1955); *Jordine v. Walling*, 185 F.2d 662 (3d Cir. 1950); *Zalkind v. Scheinman*, 139 F.2d 895 (2d Cir.1943), *cert. denied*, 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572 (1944). These difficulties culminated in the decision of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which required a new analysis of the required relationship between the principal claim and any ancillary or pendent claim.

According to the *Gibbs* decision, the power of a federal court to hear one constitutional case is extended to include pendent non-federal question claims when the feder-

---

**1.** Ancillary jurisdiction most commonly refers to claims asserted after a complaint is filed, usually those asserted by a party not a plaintiff. Those claims are assertable where a court's inability to hear them either would greatly burden the affected party or would prevent that party from adequately protecting its interests. Pendent jurisdiction, on the other hand, which can be seen as a form of ancillary jurisdiction, is normally a plaintiff's doctrine. Pendent jurisdiction permits a federal court which has jurisdiction over one of the plaintiff's claims to assume jurisdiction over other of the plaintiff's claims for which there is no independent basis for federal jurisdiction. 32A *Am.Jur.2d*, Fed. Pract. & Proc. § 1246–47 (1987).

There are several types of pendent jurisdiction including instances where the federal and state claims are asserted by the same plaintiff against the same defendant (pendent claim jurisdiction); where the federal and state claims are asserted against different parties (pendent party jurisdiction); and where the federal jurisdiction is based upon the diversity of citizenship statute and the diversity claim is joined with a nonfederal claim against a non-diverse party (pendent party diversity jurisdiction). C.A. Wright, *The Law of Federal Courts* § 19 (4th ed. 1983).

al question claim is substantial enough to establish original jurisdiction, and both the federal claim and the state claim stem from a common nucleus of operative facts. Further, without considering whether the claim is based on federal or state law, all the claims must be such that the plaintiff would ordinarily expect to try them in one judicial proceeding. If those factors are present, then the court has power to hear the entire case. *Gibbs*, 383 U.S. at 715, 86 S.Ct. at 1130.

The Supreme Court in *Gibbs* held that the exercise of this power was discretionary and not constitutionally required. Considerations of judicial economy, convenience, fairness and comity, and the extent to which the interests of the federal government are involved are all factors determining whether this power is to be exercised in a particular case. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Although *Gibbs* dealt only with pendent claims, the *Gibbs* test has also been applied in other areas of ancillary jurisdiction since the constitutional limitations are the same. *CCF Indus. Park v. Hastings Indus.*, 392 F.Supp. 1259 (E.D.Pa.1975).

The outside parameters of pendent jurisdiction are not yet well defined, but the Supreme Court limited the use of the device somewhat in the decision of *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The Court found pendent jurisdiction did not exist where jurisdiction over the "pendent party" was lacking in the principal claim because the federal statute which was the basis for the suit did not apply to this party, the claim asserted against this "pendent party" was also a pendent non-federal claim, and no diversity of citizenship existed. In this case, pendent jurisdiction was not appropriate as a basis for impleading a party over whom no independent jurisdiction existed simply because the claim stemmed from a common nucleus of operative facts. The party against whom the pendent claim was asserted was never properly under the court's jurisdiction originally. To compound a pendent claim with a "pendent party" went beyond the court's constitutional and statutory power where the feder-

al statute expressly or impliedly excepted that party from persons defined as subject to its reach. *Aldinger*, 427 U.S. at 16–17, 96 S.Ct. at 2421. Although the Court denied pendent jurisdiction in this situation, it also set forth an intention not to have its decision in this case be interpreted as a general all-encompassing jurisdictional rule for the availability of pendent jurisdiction. *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422.

Pendent jurisdiction has been expanded in other contexts since *Gibbs*. Some courts have limited this expansion to federal question actions. *Hymer v. Chai*, 407 F.2d 136 (9th Cir.1969). Other courts, however, have used the concept to extend federal jurisdiction to parties over whom there is no independent ground for jurisdiction. *Stamm v. Trigg*, 368 F.Supp. 83 (N.D. Ohio 1973); *Dahl v. Crawford*, 348 F.Supp. 1359 (E.D.Mich.1972); *Jacobson v. Atlantic City Hosp.*, 392 F.2d 149 (3rd Cir.1968). The expansion here has been based on the analogy between "action" in the jurisdictional statute and the constitutional language of "case or controversy." 28 U.S.C. §§ 1331.

Passage of the Federal Rules of Civil Procedure in 1938 encouraged joinder of claims and parties in both federal question and diversity of citizenship actions, and although the rules are not to be construed to extend the jurisdiction of the federal district courts beyond constitutional limits, ancillary jurisdiction has been used to allow compulsory counterclaims, addition of parties brought in by compulsory counterclaims, cross-claims, and intervenors as a matter of right. Fed.R.Civ.P. 82; *e.g.*, *United Artists v. Masterpiece Prod.*, 221 F.2d 213 (2d Cir.1955); *Hercules, Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101 (S.D.N.Y.1976); *Scott v. Fancher*, 369 F.2d 842 (5th Cir.1966); *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141 (S.D.Cal.1954), *aff'd sub nom. Kimberly Corp. v. Hartley Pen Co.*, 237 F.2d 294 (9th Cir.1956).

In determining whether pendent jurisdiction exists in this proceeding, it is appropriate to ask, consistent with the concerns expressed by the *Aldinger* court, if any provision of the statutory grant of bank-

ruptcy jurisdiction either expressly or impliedly negates or limits the application of pendent jurisdiction to Sonnyco's claims against Bartley, Goff or Hall. This inquiry is especially important where parties are not otherwise subject to federal jurisdiction. *Aldinger,* 427 U.S. at 17–18, 96 S.Ct. at 2421–22.

The Court finds no indication in the statutes conferring jurisdiction over bankruptcy issues that pendent jurisdiction was narrowed or limited with regard to any issue or party in this proceeding other than the express requirement that the proceeding be "related to" the bankruptcy case. *Melamed v. Lake County Nat'l Bank,* 727 F.2d 1399 (6th Cir.1984); *Petrolia Corp. v. Elam (In re Petrolia),* 79 B.R. 686 (Bankr. E.D.Mich.1987). Therefore, the concerns expressed in *Aldinger* do not impact upon this proceeding.

■ After consideration of the historical development of ancillary and pendent jurisdiction and examination of the concerns related thereto, the Court finds that the district court's pendent jurisdiction extends to include Sonnyco's claim against defendant Bartley, a creditor in the underlying bankruptcy case. It is clear that the district court has subject matter jurisdiction to hear claims against Bartley. In essence, the underlying bankruptcy case filed by Sonnyco is grounded upon a form of federal question jurisdiction and this state law claim, instituted by Sonnyco against a party to the bankruptcy case, extends the Court's jurisdiction from the plaintiff's view within developed concepts of permissible pendent jurisdiction. *See Bartle v. Markson,* 357 F.2d 517 (2nd Cir. 1966); *Melamed,* 727 F.2d at 1399. Indeed, it can be argued that the claim against Bartley may also be viewed as a compulsory counterclaim to any assertion of a claim by Bartley against the estate.

■ As to defendants Goff and Hall, however, the issue is somewhat more complex. They are not creditors or other parties in interest in the underlying bankruptcy case. They are not parties involved in the bankruptcy case at all other than as named defendants in an action premised, as to them, upon state-law created actions of conspiracy and interference with contractual relationships. Since jurisdiction over those claims is dependent upon principles of pendent party jurisdiction, the question becomes whether the state law claims and the bankruptcy issues are derived from operative facts which are sufficiently related to constitute a nucleus which the plaintiff would ordinarily expect to try in one case. See *Gibbs,* 383 U.S. at 715, 86 S.Ct. at 1130.

The Court finds that Sonnyco would expect to try in one action, not only the results of its insolvency, but also any actionable causes for such insolvency, even if such causes arise primarily from state-recognized substantive rights. Therefore, extension of the district court's pendent party jurisdiction over Goff and Hall is consistent with constitutional principles and controlling case law.

■ Having found power in the district court to hear and determine these matters, this Court must consider the appropriateness of the exercise of such power by a bankruptcy judge. In this context the Court concludes that the constitutional tests are met so long as any dispositive orders or decisions this Court makes to which the litigants file objections are subject to review on a *de novo* basis by an article III district judge prior to finality. That such procedures are cumbersome and lend themselves to exploitation by parties seeking delay is undisputed, but the constitutional concerns are satisfied by the process. Constitutional challenges to the jurisdictional statutory provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984 may not lie in the area of non-core proceedings. Accordingly, the Court will not dismiss this adversary either for the absence of subject matter jurisdiction or for any alleged inappropriateness of the exercise of that power by a bankruptcy judge.

3. Lack of Personal Jurisdiction or of Constitutional Power to Exercise Such Jurisdiction.

The final ground asserted by the Defendants in support of dismissal of this proceed-

ing is that this Court either lacks personal jurisdiction or cannot exercise such jurisdiction within the confines of the Constitution.

The requirement for personal jurisdiction in an action brought in federal court depends upon the basis for the subject matter jurisdiction. As subject matter jurisdiction of this proceeding is based upon a form of federal question jurisdiction, set forth in 28 U.S.C. § 1334, the applicable personal jurisdiction is that for a federal question case and is not the same as the "minimum contacts" test used in cases grounded upon diversity jurisdiction. *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900 (Bankr.E.D.Mich. 1985). This result is not changed by the assumption of jurisdiction over the pendent and pendent party claims. See *Chemical Bank v. Grisby's World of Carpet (In re WWG Industries, Inc.),* 44 B.R. 287 (N.D. Ga.1984).

The procedural mechanism for amenability and manner of personal service in an adversary proceeding related to a bankruptcy case is set forth in Bankruptcy Rule 7004(d). The Court interprets Rule 7004(d) as an order of court under a statute, consistent with the requirements in Fed.R.Civ.P. 4(e). See 28 U.S.C. § 2075. Bankruptcy Rule 7004(d), applicable in adversary proceedings by Bankruptcy Rule 7001, authorizes service of a summons and complaint anywhere within the United States. Because jurisdiction in this adversary is premised upon a form of federal question jurisdiction, the issue then is not whether personal jurisdiction exists under the statutes or rules, which it clearly does, but rather whether the exercise of personal jurisdiction over the defendant residents of Kentucky, two of whom are not creditors of this estate, is consistent with constitutional requirements.

Issues relating to the exercise of personal jurisdiction emanate, not from Article III of the Constitution, but from the Due Process Clause in the Fifth Amendment. Therefore the amenability and manner of service provided by statute or rule need only be consistent with such principles to be valid. *Insurance Corp. of Ireland, Ltd.*

*v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed. 2d 492 (1982); *Fitzsimmons v. Barton,* 589 F.2d 330 (7th Cir.1979). Whether such jurisdiction, if constitutional, may be exercised only by a district judge rather than by a bankruptcy judge is not the relevant issue. It is the deprivation of property without due process of law which is the focus of the inquiry.

The Court finds that personal jurisdiction may be exercised against Bartley within the holdings of existing case law. *Hogue v. Milodon Engineering, Inc.,* 736 F.2d 989 (1984). Even though case law is less clear where the parties to the action are pendent parties to a pendent action, this Court believes its exercise of personal jurisdiction over defendants Goff and Hall is also constitutional. That determination involves a weighing of the inconvenience to the parties against considerations of judicial economy and arriving at a result which seems fair. It is greatly preferable that the Court presiding over the related bankruptcy case be able to centralize all pending matters and deal with all issues impacting upon that case. Often it is only the bankruptcy court which would have that power. Although that ability must also take note of and abide by constitutional limitations of due process, such limitations should not be interpreted in a "knee-jerk" manner by rigid rules applicable to all circumstances. The considerations should be of actual fairness or unfairness to the defendants challenging the exercise of its jurisdiction and should balance fairness considerations against other, also important, issues of procedural convenience, judicial economy, and justice in the larger sense, considering all other parties in the bankruptcy case and the effect of requiring piecemeal litigation in numerous forums. Cf. *Carnegie–Mellon University v. Cohill,* —— U.S. ——, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). These defendants, citizens of a neighboring state, are no farther from this Court's location than are many persons in this judicial district. For that reason the Court finds that exercise of personal jurisdiction over Goff and Hall is fully within its constitutional

powers. Such exercise recognizes the relationship of the Defendants to the United States, but finds irrelevant their lack of relationship with the State of Ohio. *Chemical Bank v. Grisby's World of Carpet, Inc. (In re WWG Industries, Inc.)*, 44 B.R. 287 (N.D.Ga.1984). It is the United States which is exercising the jurisdiction. *Baker's Equipment/Winkler, Inc. v. Galasso (In the Matter of Baker's Equipment/Winkler, Inc.)*, 33 B.R. 307 (Bankr. D.N.J.1983).

Having found that it has personal jurisdiction over all parties and that its exercise of that jurisdiction is appropriate and constitutional, the Court will not dismiss this action either for lack of personal jurisdiction or because such jurisdiction is being exercised by a bankruptcy judge.

## IV. TRANSFER OF MOTION TO WITHDRAW REFERENCE

■ Initially, this Court finds that a motion to withdraw the reference of this proceeding to a bankruptcy judge must be heard by a district judge rather than by the bankruptcy judge assigned to the case through the existing reference. The July 30, 1984 Order, referring this and other bankruptcy-related matters to the bankruptcy judges of the Southern District of Ohio, was entered on behalf of the district court by Chief Judge Carl Rubin. It would be inappropriate and legally incorrect for this bankruptcy judge to attempt to effect a change in the terms of that Order as it relates to this action.

This finding is buttressed by the wording of Bankruptcy Rule 5011(a), effective August 1, 1987, and applicable to proceedings pending on that date unless such application is unjust or impracticable.[2] Rule 5011 specifically provides that "a motion for withdrawal of a case or proceedings shall be heard by a district judge." Accordingly, the Court will not consider the Defendants' request for withdrawal of the reference of this adversary proceeding, but will transmit such request to a district judge.

## V. PROPOSED CONCLUSIONS OF LAW ON REQUEST FOR ABSTENTION

Finally, the Defendants have requested that this Court abstain from hearing the matters raised in this adversary proceeding. That abstention request is directed either toward mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) or toward discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1).

### A. MANDATORY ABSTENTION.

■ Mandatory abstention is governed by the provisions of 28 U.S.C. § 1334(c)(2) which state:

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Court finds that mandatory abstention would be inappropriate in this action. Although a timely motion has been made, and this adversary is based upon state law and is "related to" a Title 11 case rather than depending for its resolution upon rights created or enforceable under the bankruptcy laws, the remainder of the requirements for mandatory abstention are not met. This action could have been commenced independently of the bankruptcy process in a court of the United States under the jurisdictional grant in 28 U.S.C. § 1332 for actions between citizens of different states. Further, insofar as this Court has been apprised, no state court action was pending between these parties based upon this cause of action at the time the related bankruptcy case was filed. *First Landmark Development Corp. v.*

---

**2.** See Order of the Supreme Court of the United States, dated March 30, 1987, issued with the transmittal to Congress of proposed amendments to the Bankruptcy Rules.

City of Pinellas Park (In the Matter of First Landmark Development Corp.), 51 B.R. 25 (Bankr.M.D.Fla.1985); In the Matter of Boughton, 60 B.R. 373 (N.D.Ill.1986). Accordingly, no need exists to consider application of principles of comity which restrain this Court from exercising its jurisdiction to divest jurisdiction from a state court in which jurisdiction first was invoked.

### B. DISCRETIONARY ABSTENTION.

▉▉▉ The right to abstain from hearing a matter on a discretionary basis is governed by 28 U.S.C. § 1334(c)(1) which provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The exercise of pendent or pendent party jurisdiction is a matter of discretion and not a right of litigants. Patrum v. City of Greensburg, Ky., 419 F.2d 1300 (6th Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970). In this matter specifically, the Court is concerned about difficulties which will be created by a jury demand if this proceeding is tried by the bankruptcy judge. Assuming that the jury trial may be held, without consent by all parties to the entry of a final judgment, any factual findings by the jury will be of an advisory nature, given the parties' ability both to object to any proposed findings of fact and to force de novo review by a district judge. It is not consistent with notions of justice or conservation of judicial resources, attorneys' time or taxpayers' funds simply to obtain a jury verdict which may be advisory only. The alternative to that result, of course, is to have the reference withdrawn so that the trial may be heard initially by a district judge. As previously stated, that issue is not one this Court determines.

The factor cutting against a decision for discretionary abstention is the effect such abstention might have upon the plaintiff's rights. As the statute of limitations for bringing this action in the state court or in the federal district court in Kentucky may have expired, any decision to abstain needs to take that concern into account. Requiring the action to proceed in Kentucky also may increase the cost to the estate.

In the limited circumstances of this proceeding where the adversary is merely "related to" the bankruptcy case, that case is a liquidation proceeding under Chapter 7, some of the defendants are not creditors or other parties-in-interest in the bankruptcy case, the cause of action arose pre-petition and depends entirely upon state law for its resolution, the right to a trial by jury is likely to be asserted, and the parties have not consented to the entry of a final order by the bankruptcy judge, this Court recommends abstention on a discretionary basis in the interests of justice.

Based upon the foregoing, this Court recommends that the bankruptcy court abstain from exercising the pendent and pendent party subject matter jurisdiction it possesses in this adversary action. That recommendation is conditioned, however, upon the plaintiff's ability to file a corresponding action in the appropriate state or federal court in Kentucky. Should alternative forums be unavailable, that may be indicated as part of any objection to this proposed conclusion of law.

Because an order sustaining a request for abstention in a non-core proceeding is a dispositive order which may not be reviewable, depending upon the interpretation given to the language in 28 U.S.C. § 1334(c)(2), the Court is transmitting this proposed conclusion of law to a district judge for review and possible entry.

The Clerk of the Bankruptcy Court is hereby directed to transmit to a district judge this opinion, which serves in Part IV as the transfer of an issue to a district judge and in Part V as a report and recommendation setting forth a proposed conclusion of law. Such transmittal shall be after the report and recommendation has been served upon all parties and the objection period has passed, consistent with the requirements of Bankruptcy Rule 9033.

**672**

Because of the current physical disability of the plaintiff, the Court hereby extends the period for objections to sixty (60) days from the date of the service of this order.

IT IS SO ORDERED.