In re SONNYCO COAL, INC. dba Meredith Enterprises, Debtor.

SONNYCO COAL, INC. dba Meredith Enterprises, Plaintiff,

v.

Emma Collins BARTLEY, et al., Defendants.

No. C2–88–417.
Adv. No. 2–85–0277.
Bankruptcy No. 2–85–02570.

United States District Court, S.D. Ohio, E.D.

June 26, 1990.

James Craig Carpenter and Daniel Fieser Carmack, Columbus, Ohio, for plaintiff.

Teri Gwendolyn Rasmussen, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court upon a Motion for Withdrawal of Reference by Teri G. Rasmussen, for defendants Emma Collins Bartley, et al. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 157(d) and 28 U.S.C. § 1334(c) in accord-

ance with 28 U.S.C. § 157(a) and the Order of Reference dated July 30, 1984 issued by this District.

Further, it is the responsibility of this Court to rule on objections to the Report and Recommendation dated March 31, 1988 by Judge Sellers. 89 B.R. 658. Plaintiff's objections specifically challenge the conditional discretionary abstention recommendation while defendants' objections specifically challenge the ruling on their request to dismiss this matter and the recommendation regarding the request for mandatory abstention and the conditions placed on the grant of discretionary abstention by the Bankruptcy Court.

Upon consideration and being duly advised, this Court denies the motion for withdrawal of reference. Further this Court will let stand the Bankruptcy Court's denial of the Request to Dismiss this matter. This Court upholds the Bankruptcy Court's refusal to grant mandatory abstention. The grant of conditional discretionary abstention by the Bankruptcy Court is OVERTURNED.

## I. FACTS

The facts in this matter are uncontested.

This matter was originally filed by Sonnyco Coal., Inc., dba Meredith Enterprises ("Sonnyco"), as the debtor-in-possession in a Chapter 11 case pending before the Bankruptcy Court in the Southern District of Ohio. During the pendency of the adversary proceeding, the underlying bankruptcy case was converted to a liquidation proceeding under Chapter 7 of the Bankruptcy Code. Upon that conversion and by operation of law, Daniel F. Carmack, the duly-appointed Trustee of the bankruptcy estate, effectively became substituted as plaintiff in interest in this adversary proceeding.

In its complaint, Sonnyco alleges that Bartley breached an oral agreement between Bartley as lessor and the lessee Sunnyco, dba Meredith Enterprises. The agreement alleged to have been breached permitted Sonnyco to assign its rights in a written coal lease between the parties. Sonnyco accuses Bartley of malicious ac-

tion and bad faith by the attempted cancellation of the lease and refusal to consent to the alleged previously agreed-upon assignment to a third party. Those actions are allegedly the cause of Sonnyco's financial demise.

Count II of the complaint, directed against Goff and Hall, alleges their participation in Bartley's breach and attributes to their actions a conspiracy which forced Sonnyco into a Chapter 11 bankruptcy filing. The prayer of the complaint seeks $400,000 in compensatory damages, $500,000 in punitive damages and various costs.

On April 1, 1988, Judge Sellers, in response to two pre-answer motions filed by defendants Emma Bartley, Ray Goff, and Clay Hall, issued a "Statement of Law on Request to Determine Core/Non–Core Status and Request to Dismiss Case; Transfer to District Judge of Request for Withdrawal of the Reference; Report and Recommendation on Request for Abstention." In this document, the Bankruptcy Court held:

1) That the adversary action will be considered a non-core proceeding related to the bankruptcy of Sonnyco. The nature of the non-core proceeding is such that the Court can exercise by reference the subject matter jurisdiction granted to the District Court;

2) That the cause of action stated in Sonnyco's complaint was not improper;

3) That the Bankruptcy Court could exercise its subject matter jurisdiction in this matter under pendent and ancillary jurisdiction;

4) That the Bankruptcy Court has personal jurisdiction over the defendants and the exercise of this jurisdiction is constitutional;

5) That the Motion to Withdraw Reference shall be transmitted to the District Court for consideration;

6) That the Bankruptcy Court can not abstain from hearing this case under the mandatory abstention provision pursuant to 28 U.S.C. § 1334(c)(2);

7) That the Bankruptcy Court will abstain from hearing this adversary proceeding on a discretionary basis.

## II. WITHDRAWAL OF REFERENCE

Section 157(d) of Title 28 of the United States Code provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." It is under this section that this matter comes before the Court.

Defendants essentially present two arguments in their motion asserting that there should be a withdrawal of reference.

■ In the first instance, defendants argue that the Bankruptcy Court lacks jurisdiction over the subject matter of the breach of contract action. Judge Seller's holding addressed this issue in considering defendants' motion to dismiss. This Court is in concurrence with the well developed and thoroughly supported rationale of the Bankruptcy Court and comes to the same conclusion.

The General Order of Reference entered by this district on July 30, 1984 provides a grant of jurisdiction from the district courts to the bankruptcy courts. It is from this grant of jurisdiction that bankruptcy courts derive their subject matter jurisdiction. The bankruptcy courts may exercise by reference, subject to the limitations set forth in 28 U.S.C. § 157, the same jurisdiction as the district courts in cases filed under Title 11 of the United States Code, in proceedings arising under Title 11 or proceedings arising in, or related to, a case under Title 11. 28 U.S.C. § 157(a).

The Bankruptcy Court was proper in having earlier established that the non-core proceeding in this matter is "related to" a case filed under Title 11, and this Court finds that subject matter jurisdiction exists under the statute.

The Bankruptcy Court's finding that the subject matter jurisdiction vested in the district court by statute and referred to a bankruptcy judge for its exercise pursuant to the procedures as set forth in 28 U.S.C. § 157(c) is consistent with the requirements of the Constitution and is upheld. This Court is in full agreement with the rationale laid out by the Bankruptcy Court in finding they possessed subject matter jurisdiction.

■ In the second instance, after carefully considering all issues, this Court finds no lack of personal jurisdiction or the constitutional power to exercise such jurisdiction as asserted by defendants.

Being in full agreement with the findings, opinion, and ruling of the Bankruptcy Court in the matter of personal jurisdiction it shall be considered reincorporated as if fully rewritten herein.

■ In consideration of the above and having found no compelling issues that would justify a withdrawal of reference at this time, the motion is DENIED.

## III. OBJECTIONS

Objections were filed on behalf of plaintiff and defendants.

■ In the instant matter, 28 U.S.C. 157(c)(1) requires this Court to conduct a *de novo* review of those matters which either party has timely and specifically objected, the results of which are set forth below:

A. Defendants object to the Bankruptcy Court's denial of the Request to Dismiss Case, to the Bankruptcy Court's refusal to grant mandatory abstention and to the conditions placed grant of discretionary abstention.

The thrust of defendant's objection are as follows:

1) Defendant's objection to the Bankruptcy Court's denial of the Motion to Dismiss alleges the oral contract at issue is not enforceable due to the statute of frauds and hence there is no action for breach of contract.

■ A review of the record leads this Court to find that facts have been alleged which, if proven, may lead to the tort claims being substantiated. At this pre-answer stage, the facts must be viewed in a light most favorable to the plaintiff. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). If capable of proof, these facts state a cause of action. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Accordingly, the complaint will not be dismissed for a lack of cause of action.

2) Defendants object to the Bankruptcy Court's conclusion of law that the Court possess subject matter jurisdiction over defendants Goff and Hall because the matter before the Court is only "related to" the underlying bankruptcy proceedings.

■ Upon a *de novo* review the Court finds no merit to the defendant's objection.

§ 157(a) provides that:

"Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 *or arising in or related to a case under Title 11* shall be referred to the bankruptcy judges for the district." (emphasis added).

The allegations of conspiracy against Goff and Hall are so closely tied to the breach of contract issue that to separate them would be to fly in the face of judicial economy.

3) Defendants object to the Bankruptcy Court's conditioning its discretionary abstentions on the ability of Sonnyco to proceed in Kentucky courts.

Defendants base their objection on the lack of any consideration of the statute of limitations in any of the previous pleadings. While the issue raised is certainly not without merit, the objection is rendered moot. An examination of the Kentucky Revised Statutes makes it clear that the statute of limitations as applied to the instant action would preclude the plaintiffs from filing in the Kentucky state courts.

The Bankruptcy Court's finding of discretionary abstention would remove the plaintiff's right to a fair hearing and is not well taken.

4) Defendants indicate their desire to incorporate their previous pleading and request they be allowed to further brief the issues.

A *de novo* review by its very nature must include a review of the entire record—including "previous pleadings."

■ The request to further brief the issues is certainly not well taken. Under the rules, parties were given ample opportunity to file objections. Should the issue of concern to counsel for defendants have been in need of additional explanation, the filing of the objections was the appropriate time to do so.

The defendants' request is DENIED.

B) Plaintiffs object to the discretionary abstention by the bankruptcy courts on two grounds:

1) Plaintiff's first objection alleges additional costs and potential waste were the case to be heard in a Kentucky state court. While the Court agrees that this argument may often have great weight, a review of the record does not demonstrate it to be compelling in these circumstances. The Court takes notice that this adversary proceeding is in the pre-answer stage. The great cost of preparation alleged by plaintiff and rebutted by defendants is clearly not an element in this matter; and

2) Plaintiff objects to the bankruptcy court's discretionary abstention being made contingent upon the ability to file a corresponding action in a Kentucky court.

■ An examination by the Court of the statutes of the Commonwealth of Kentucky support the assertion as put forth by the plaintiffs that the statute of limitations prohibit the state courts from hearing this matter.

The alleged breach of the oral contract occurred in late 1984. The most liberal Kentucky statute provides that an action for a breach of an oral contract must be brought within five years of the breach, KRS 413.120.

Upon a *de novo* review of the record, the Court finds no compelling rationale in which to grant an abstention.

Indeed, the length of time since the initial filing of this matter in addition to the lack of a state forum are two compelling reasons not to do so. The Court will therefore sustain the plaintiff's objection and strike down the Bankruptcy Court's recommendation to voluntarily abstain in this matter.

This case is hereby remanded to the Bankruptcy Court and this Court urges the parties to come to a prompt resolution of this dispute.

IT IS SO ORDERED.