In re NORTH STAR CONTRACTING CORP., Debtor.

Leslie TRAGER, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

UNITED STATES of America, Plaintiff on the Counterclaim,

v.

Leslie TRAGER, Defendant on Counterclaim.

Bankruptcy No. 89 B 20803.
No. 92–5249A.

United States Bankruptcy Court, S.D. New York.

Oct. 19, 1992.

Trager & Weiss, New York City, for Leslie Trager.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for U.S., Edward A. Smith, Asst. U.S. Atty., of counsel.

### DECISION ON MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Internal Revenue Service ("IRS") has moved for summary judgment in this adversary proceeding brought by the plaintiff, Leslie Trager ("Trager"), to compel the debtor's disbursing agent, to turn over certain funds from the debtor's estate to him free and clear of any liens levied on the funds by the IRS. Trager has cross-moved for summary judgment. The funds which are the subject of this litigation are to be paid by the disbursing agent on behalf of the debtor, North Star Electrical Contracting Corp. ("North Star"), pursuant to its confirmed plan of reorganization and in satisfaction of the claim of William T. McSpedon ("McSpedon"). Both the IRS and Trager, who is McSpedon's lawyer, are creditors of McSpedon and have secured interests in McSpedon's rights to the property in question. Trager alleges that his secured interest in the funds is prior to the tax lien levied on the property by the IRS and the IRS asserts that its tax lien is superior to Trager's interest.

At the hearing, the court questioned whether it had subject matter jurisdiction over this proceeding and noted that this action is basically a dispute between two non-creditors over property in which the debtor has no beneficial or possessory interest. In response to the court's comments, the IRS asserted that this court lacked subject matter jurisdiction over this proceeding because the action was neither core under 28 U.S.C. § 157(b) nor related to a case in bankruptcy under 28 U.S.C. § 157(c). Trager, in opposition to the IRS's view, argued that this court has jurisdiction over the instant action because it is a core proceeding under 28 U.S.C. § 157(b).

### FACTUAL BACKGROUND

There are no material facts in issue in this case. North Star filed a petition with this court for reorganizational relief under Chapter 11 of the Bankruptcy Code in 1989. On September 13, 1991, the debtor's plan of reorganization was confirmed by this court in accordance with 11 U.S.C. § 1129. Lerman, Bauer, & Altman, P.C. ("Lerman") was appointed under the plan as North Star's disbursing agent.

McSpedon has a claim against North Star for $2,507,900.45. The claim is the result of a decision rendered by the New York State Supreme Court in a lawsuit instituted by McSpedon in 1987 against North Star entitled *McSpedon v. North Star Electrical Contracting—N.Y.C. Corp.*, (Sup.Ct., N.Y. Co., Index No. 9482/87). The award represents the value of McSpedon's 25% ownership interest in North Star as well as back salary due for services that he performed for North Star. The state court rendered its decision in favor of McSpedon on July 14, 1989. The decision was modified on November 15, 1989.

Shortly thereafter, North Star filed its Chapter 11 petition. McSpedon then obtained relief from the automatic stay under 11 U.S.C. § 362(d) in this court so that he could proceed to judgment in the state court. On August 10, 1990, a judgment against North Star was signed by Justice Shirley Fingerhood, the state court judge who presided over the action. The judgment was received in the motion support office of the New York State Supreme Court, New York County on September 5, 1990 and was filed in the New York County Clerk's Office on September 17, 1990.

On March 3, 1989, before the state court rendered its decision in favor of McSpedon, McSpedon personally guaranteed certain loans made by Trager to Phoenix Electrical

Contracting, Inc. ("Phoenix"), a corporation in which McSpedon had an ownership interest. McSpedon was also an officer of Phoenix. The guarantee signed by McSpedon provided that Trager "shall have a security interest and first lien upon all proceeds which may become payable to the undersigned as a result of the lawsuit entitled *McSpedon v. North Star Electrical Contracting—N.Y.C. Corp.*, (Sup.Ct., N.Y. Co., Index No. 9482/87)." *Exhibit A to Complaint.* Trager perfected his security interest in the proceeds of the state action on March 8, 1989 by filing a financing statement in accordance with Article One of New York State's Uniform Commercial Code ("UCC–1").

The IRS also obtained a secured interest in the proceeds of the state court action. The IRS filed its notice of lien on the property on September 13, 1990, more than a year after Trager filed his UCC–1 financing statement. The IRS lien represents taxes owed by Phoenix for which McSpedon is personally liable, as an officer of the corporation.

The funds that are the subject of this proceeding are now being held by Lerman, the disbursing agent, pursuant to North Star's confirmed plan of reorganization. Trager seeks from this court an order directing Lerman to distribute the funds directly to him, free and clear of any lien levied on the property by the IRS. In support of his position, Trager argues that his lien on funds is senior to the IRS's lien because he perfected his security interest first. Indeed, Trager filed his UCC–1 financing statement more than a year before the IRS filed its lien on the property.

 The IRS resists Trager's application and has moved for summary judgment. In support of its motion, the IRS asserts that its lien is superior to Trager's secured position under the choateness doctrine which governs the evaluation of the priority of government liens. Under the choateness doctrine, attachment of a lien does not occur until the property that is subject to the lien is established, or comes into existence. In accordance with the choateness doctrine, the IRS argues that Trager's lien was not perfected until September 17, 1990, when the state court judgment in McSpedon's favor was entered in the New York County Clerk's Office, because it was only at that point that McSpedon became entitled to the property in question. The IRS alleges that under prevailing case law, a federal tax lien is senior to competing liens unless the competing lien was choate prior to the attachment of the federal lien. Accordingly, the IRS claims that its lien, which was filed on September 13, 1990, is senior to Trager's lien because Trager's lien was not choate before the tax lien attached.

Trager opposes the IRS's motion and has cross-moved for summary judgment. In support of his position, Trager initially argues that the choateness doctrine is no longer pertinent in determining the relative priorities of government liens. He claims that the choateness doctrine has been limited by the enactment of 26 U.S.C. § 6323(a) and (h), part of the Tax Lien Act of 1966. These sections, Trager asserts, provide that a security interest in the proceeds of lawsuit which is perfected under the Uniform Commercial Code, is prior to any lien filed by the IRS when the security interest is perfected before the IRS gives notice of its lien. Thus, Trager contends that pursuant to 26 U.S.C. § 6323(a) and (h), his lien is prior to the IRS's lien because he perfected his lien in accordance with the Uniform Commercial Code on March 3, 1989, well before September 13, 1990, when the IRS gave notice of its lien. Trager also argues that even if the choateness doctrine were applicable, the property in issue became choate on August 10, 1989 when Justice Fingerhood signed the state court decision which awarded McSpedon $2.5 million.

In response to Trager's cross-motion, the IRS argues that 26 U.S.C. § 6323 does not abrogate the choateness doctrine. Indeed, the IRS asserts that courts continue to apply both the choateness doctrine and 26 U.S.C. § 6323 in assessing the relative priority of a tax lien. The IRS also disputes Trager's position that the property in question became choate on August 10, 1989 when Justice Fingerhood rendered a decision in favor of McSpedon. Rather, the

IRS asserts that the property became choate on September 17, 1990 when the judgment reflecting the state court decision was entered because North Star only became liable to McSpedon after the judgment was entered.

Both Trager and the IRS presented their arguments at a hearing held before this court and each cited convincing authority in support of their respective positions. At the conclusion of the hearing, the court questioned whether it should entertain jurisdiction over this proceeding. In response to the court's inquiries, Trager argued that the court should not abstain from this matter because it is a core proceeding under 28 U.S.C. § 157(b)(2)(K) in that the proceeding requires a determination of the priority of liens. Trager asserted that this court is authorized to hear core proceeding pursuant to 28 U.S.C. § 157(b)(1). The IRS agreed that this court lacked subject matter jurisdiction over the pending adversary proceeding because it is neither a core proceeding nor a related proceeding. However, the parties did not object to this court's subject matter jurisdiction in their pleadings.

## DISCUSSION

This is essentially a dispute between two non-creditors as to their respective rights in property in which the debtor has no interest. The funds in issue are in the possession of Lerman, the disbursing agent, and will be distributed pursuant to North Star's confirmed plan of reorganization in satisfaction of McSpedon's claim. The connection between the pending action and North Star's bankruptcy case is tenuous.

■ Federal District Courts have original jurisdiction of all cases under title 11 and all civil proceedings arising under title 11, or arising in or related to cases under title 11 pursuant to 28 U.S.C. 1334(b). In accordance with 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. Additionally, bankruptcy judges are empowered by 28 U.S.C.

§ 157(c)(1) to hear a proceeding that is not a core proceeding if it is otherwise related to a case under title 11. Bankruptcy courts do not have jurisdiction to decide civil cases that are neither core nor related proceedings. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). Thus, in order for this court to have subject matter jurisdiction over the instant proceeding, the action must be either a core or a related proceeding.

■ Under 28 U.S.C. § 157(b)(3), a bankruptcy judge shall determine whether a matter is a core or a related proceeding, on the judge's own motion, or on the motion of a party to the litigation. Indeed, because subject matter jurisdiction is of paramount importance, a court may raise the issue *sua sponte. Barr v. United States,* 478 F.2d 1152 (10th Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973); *McGrath v. Kristensen,* 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950); *In re Curtina Intern.,* 15 B.R. 993, 996 (Bankr. S.D.N.Y.1981). Accordingly, this court must decide whether the instant action is a core or a related proceeding.

### Core Jurisdiction

■ The pending action is not a core proceeding arising under title 11 or arising in a case under title 11. For a case or proceeding to arise under title 11, the relief sought must be based on a provision of title 11. *Wood v. Wood, (In re Wood),* 825 F.2d 90, 97 (5th Cir.1987); *Nat'l City Bank v. Coopers & Lybrand,* 802 F.2d 990, 994 (8th Cir.1986); *Carlton v. Baww, Inc.,* 751 F.2d 781, 787 (5th Cir.1985). Manifestly, Trager's action to compel the disbursing agent to distribute funds in satisfaction of McSpedon's claim does not arise under title 11. The proceeding does not implicate any section in title 11 but is based upon provisions of the Internal Revenue Code and New York State's Uniform Commercial Code.

■ Because this action does not arise under title 11, it must arise in a case under title 11 for it to be a core proceeding. Specific actions that constitute core pro-

ceedings are delineated in 28 U.S.C. § 157(b)(2). This list is not exhaustive of those cases which can constitute core proceedings. *Duck v. Munn, (In re Mankin)*, 823 F.2d 1296, 1300–01 (9th Cir.1987), *cert. denied, Munn v. Duck*, 485 U.S. 1006, 108 S.Ct. 1468, 99 L.Ed.2d 698 (1988). Whether or not a matter is core depends upon its relationship to the bankruptcy court's basic function in administering the debtor's estate. *In re Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.)*, 815 F.2d 165 (1st Cir.1987). Essentially, a core proceeding is one which has no existence outside of the bankruptcy case. *In re Wood*, 825 F.2d. at 97; *In re Texaco, Inc.*, 85 B.R. 934, 937 (Bankr.S.D.N.Y. 1988).

Trager's action is not core, arising under a case under title 11, because it does not in any way implicate the administration of the estate of the debtor, North Star. North Star has neither a possessory nor a beneficial interest in the funds which are the subject of this proceeding. Furthermore, Trager's action does not rely on bankruptcy law for its existence. Rather, the matter is only incidental to North Star's bankruptcy case. The proceeding is a dispute between two non-creditors over property that McSpedon, a claimant, is entitled to under North Star's plan of reorganization.

This court rejects Trager's argument that this proceeding is core pursuant to 28 U.S.C. § 157(b)(2)(K), which provides that core proceedings include "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). Core jurisdiction under 28 U.S.C. § 157(b)(2)(K) only relates to liens encumbering property of the debtor's estate. *In re Israel*, 112 B.R. 481, 483 (Bankr.D.Conn.1990); *In re Edwards*, 106 B.R. 161, 163 (Bankr.N.D.Ill.1989); *In re Holland Indus., Inc.*, 103 B.R. 461, 465 (Bankr.S.D.N.Y.1989). Here, the liens in question do not impede the debtor's property. Rather, they relate to McSpedon's interest in the funds and attach when McSpedon's right to the property accrues.

### Related Jurisdiction

██ Because Trager's action is not a core proceeding, it must be "otherwise re-

lated to a case under title 11" within the meaning of 28 U.S.C. § 157(c) to sustain subject matter jurisdiction in this court. A bankruptcy judge may hear a proceeding that is not a core proceeding if it is otherwise related to a case under title 11. However, the bankruptcy judge may not determine or enter final orders in a related case without the consent of all parties to the action pursuant to 28 U.S.C. § 157(c)(2). Absent the requisite consent, the bankruptcy judge is required to submit proposed findings of facts and conclusions of law to the district court. Any final order or judgment shall be entered by the district court judge after considering the bankruptcy judge's proposed findings and conclusions as well as any other appropriate *de novo* matters, as expressed in 28 U.S.C. § 157(c)(1).

██ The standard for determining whether a civil proceeding is related to a bankruptcy case has been enunciated as follows:

> An action is related to a bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). However, an action is not related to a case under title 11 if its affect on the bankruptcy case is remote. The litigation must have a "significant connection" with the bankruptcy case. *Turner v. Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir.1983). An action between nondebtors is regarded as related to a bankruptcy case if its outcome would affect the amount of property available for distribution to the creditors of the bankruptcy estate or the allocation of property among such creditors, or if the resolution of the action would alter the debtor's rights or liabilities, such civil proceeding will be regarded as related to the bankruptcy case. *Fietz v. Great Western Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir.1988); *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re*

*Xonics, Inc.)* 813 F.2d 127, 131 (7th Cir. 1987); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir.1987); *Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986); *Uranga v. Geib (In re Paso Del Norte Oil Co.)*, 755 F.2d 421, 425 (5th Cir.1985); *Turner*, 724 F.2d at 341.

Here, Trager's action to compel the disbursing agent to distribute directly to him funds which are due McSpedon under North Star's plan of reorganization, is not related to North Star's bankruptcy case. The outcome of the pending litigation will not affect the amount of property available for distribution to North Star's creditors because it will not increase or diminish assets available to such creditors. The proceeding will also not have an impact upon the allocation of estate property to creditors because it only implicates property that McSpedon is entitled to under North Star's plan. Furthermore, Trager's action does not bear a substantial connection to North Star's bankruptcy case. Arguably, the proceeding affects the administration of North Star's estate in bankruptcy because it will determine to whom the disbursing agent will pay McSpedon's claim. However, the connection between Trager's action and North Star's bankruptcy is extremely remote. It therefore follows that the dispute between Trager and the IRS as to McSpedon's distributive share is not related to a case under title 11.

## CONCLUSIONS OF LAW

1. This court lacks subject matter jurisdiction over the instant proceeding under 28 U.S.C. § 1334(b) because it is neither a core proceeding under 28 U.S.C. § 157(b) nor a proceeding otherwise related to a bankruptcy case under 28 U.S.C. § 157(c)(1). Pursuant to 28 U.S.C. § 157(b)(3), a bankruptcy judge has the authority to determine, on its own motion, whether a matter is a core or a related proceeding.

2. The pending action is not a core proceeding under 28 U.S.C. § 157(b) because it does not arise under title 11 or in a case under title 11. The proceeding does not arise under title 11 because it is not based on a provision of title 11. It does not arise in a case under title 11 because the action does not depend on the bankruptcy case. Rather, it can exist outside of North Star's Chapter 11 case.

3. The instant action is also not a proceeding otherwise related to a case under title 11 because the dispute between Trager and the IRS will not affect the amount of property available for distribution to creditors nor will it affect the administration of this confirmed Chapter 11 case.

4. Because this action is neither a core proceeding nor a proceeding related to a bankruptcy case, this case is dismissed for lack of subject matter jurisdiction. Accordingly, this court will not address the motions for summary judgment.

SETTLE ORDER on Notice.