**In re Lisa MAYO, Debtor.**

**Lisa Mayo, Plaintiff,**

**v.**

**Union Bank, Defendant.**

Bankruptcy No. 03–10114.
Adversary No. 04–1018.

United States Bankruptcy Court,
D. Vermont.

Feb. 24, 2005.

Bernard D. Lambek, Esq., Montpelier, VT, for the Debtor-Plaintiff.

Anthony B. Lamb, Esq., Burlington, VT, for the Defendant.

### MEMORANDUM OF DECISION AND ORDER

*DETERMINING MATTER TO BE CORE PROCEEDING, DENYING DEFENDANT'S MOTION TO TRANSFER AND ADJOURNING PRETRIAL CONFERENCE*

COLLEEN A. BROWN, Bankruptcy Judge.

In her Complaint, Lisa Mayo (the "Plaintiff") alleges that the her former employer, Union Bank, N.A. ("Union Bank") discriminated against her, in violation of § 525(b) [1], when it terminated her position as branch manager based upon her repre-

---

1. Unless otherwise indicated, all statutory references are to the United States Bankruptcy Code.

sentation that she intended to file for bankruptcy relief (doc. # 1). On December 27, 2004, the Plaintiff moved for summary judgment (doc. # 31) on this ground as well as Union Bank's allegedly discriminatory conduct in refusing to re-hire the Plaintiff after her bankruptcy filing. On January 18, 2005, Union Bank filed a Motion to Transfer to District Court (the "Motion to Transfer") (doc. # 38), and on January 19, 2005, Union Bank filed a memorandum in opposition to the Plaintiff's motion for summary judgment (doc. # 40). The Plaintiff has objected to the Motion to Transfer and has filed a motion for determination that the instant adversary proceeding is a core proceeding ("Motion for Determination")(does. ## 42 and 43, respectively).

In light of the pending motion for summary judgment, the Court relieves the parties of the obligation to file a Joint Final Pre–Trial Statement by February 24, 2005 and cancels the Pre–Trial Conference currently scheduled for March 1, 2005. If a trial is necessary, the Court will set the due date for the Joint Final Pre–Trial Statement after ruling on the summary judgment motion, and hold a Pre–Trial Conference on April 5, 2005.

Within this memorandum of decision and order, the Court will address the Motion to Transfer and the Motion for Determination on the merits.

This Court has jurisdiction over the subject motions pursuant to 28 U.S.C. §§ 157(b)(3), 157(b)(2)(A), and 1334.

In the Motion to Transfer, Union Bank requests that this Court transfer the adversary proceeding to the District Court for a trial by jury (doc. # 38). Based upon Union Bank's arguments, the Court will treat the Motion to Transfer as a motion to withdraw the reference under 28 U.S.C. § 157(d).

■ The jurisdiction of the bankruptcy court is set forth in 28 U.S.C. § 157. Bankruptcy proceedings are divided into two principal categories: "core" and "non-core." 28 U.S.C. § 157 (2001); *Luan Investment v. Franklin 145 Corp., et al. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 228 (2d Cir.2002); *United States Lines, Inc. v. Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc. (In re United States Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir.1999). 28 U.S.C. § 157(d) provides: "The *district court* may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for good cause shown." (Emphasis added). Although the determination of whether to withdraw the reference rests with the district court, under 28 U.S.C. § 157(b)(3), the Bankruptcy Court should first determine whether a proceeding is core or non-core, an inquiry which affects whether the Bankruptcy Court ultimately may try the matter. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993).

In core proceedings, the bankruptcy court has comprehensive power and may enter appropriate orders and judgments. 28 U.S.C. § 157(b)(1); *S.G. Phillips Constrs., Inc. v. City of Burlington (In re S.G. Phillips Constrs., Inc.)*, 45 F.3d 702, 704 (2d Cir.1995). In proceedings which are non-core, but which otherwise relate to a bankruptcy case under title 11, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court [.]" 28 U.S.C. § 157(c)(1). Even in a non-core proceeding, a bankruptcy judge may adjudicate pre-trial matters not requiring a final order or judgment reserved to a district court. 28 U.S.C. § 157(c)(1). *In re Costello*, No. 1:04MC51 (D. Ct. Vt. filed September 30, 2004) (holding that motion to withdraw reference is not ripe until the matter is

ready for trial) (*citing, In re CIS Corp.*, 172 B.R. 748, 764 (S.D.N.Y.1994)).

■ Because the Plaintiff seeks redress of allegedly discriminatory conduct that is actionable by the language of the Bankruptcy Code itself, the Court finds this adversary proceeding to be a core proceeding "arising under" title 11. *See, e.g., In re Betty Owen Schools, Inc.*, 195 B.R. 23, 29 (Bankr.S.D.N.Y.1996); *Bradley v. Barnes (In re Bradley)*, 989 F.2d 802, 804 (5th Cir.1993); *Morrow v. Torrance Bank (In re Morrow)*, 189 B.R. 793, 796 (Bankr. C.D.Cal.1995); and *Jacobs v. State of Oklahoma (In re Jacobs)*, 149 B.R. 983, 989 (Bankr.N.D.Okl.1993). Consequently, the Court has jurisdiction over this adversary proceeding.

■ Notwithstanding that a motion to withdraw the reference is properly filed with the district court, this Court recognizes that a motion for summary judgment is currently pending in the adversary proceeding, rendering the Motion to Transfer premature. *See In re Costello*, No. 1:04MC51 (D. Ct. Vt. filed September 30, 2004). Therefore, the Court denies Union Bank's Motion to Transfer without prejudice.

### Conclusion

For the reasons set forth above, the Court holds that this adversary proceeding is a core proceeding, determines that it has jurisdiction over this proceeding, and denies the motion to withdraw the reference.

Accordingly, IT IS HEREBY ORDERED that the Parties are excused from filing their Joint Pre–Trial statement until further order of the Court.

IT IS FURTHER ORDERED that the Status Conference currently scheduled for March 1, 2005 at 11:30 AM is adjourned until *April 5, 2005 at 11:30 AM* at the United States Post Office and Courthouse in Burlington, Vermont, if a pre-trial conference is deemed necessary. In any event, the Court will issue its memorandum of decision and order on the Plaintiff's Motion for Summary Judgment in the interim. Should a pre-trial conference be necessary, the Court will notify the Parties as to when their Joint Pre–Trial Statement should be filed.

**SO ORDERED.**